UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD BATES, JR., et al., | ) | CASE NO. 1:14 CV0789 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TIFFANY N. MOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiffs' Ronald Bates, Sr. And Ronald Bates, Jr. above-captioned *in forma pauperis* Complaint. (Doc. No. 1.) They name Tiffany N. Mosley as a Defendant. The Plaintiffs allege the Defendant is in breach of contract and committed fraud. In their prayer for relief, the Plaintiffs seek $10,000.00. For the reasons set forth below, the action is dismissed.

*Background*

Plaintiffs approached the Defendant on January 19, 2013 to discuss the purchase of a 2006 Yamaha R6 motorcycle. The parties agreed to a $4000.00 purchase price, beginning with a

down payment of $3,000.00. The Plaintiffs do not disclose whether the agreement was written or oral, but state that they agreed to pay the Defendant $150.00 a month until the balance was paid in full. Plaintiffs expected to receive title to the motorcycle once the final payment was made.

Plaintiffs allege they paid the Defendant three separate payments of $150.00 on February 4, 2013, March 7, 2013 and April 5, 2013, respectively. On or about April 16, 2013, the Plaintiffs paid the Defendant $400.00. By their calculations, this last payment satisfied the total balance due for the motorcycle. At that point they requested title to the vehicle from the Defendant. She advised the Plaintiffs she did not have title yet because she still owed funds to the bank; but, she expected to secure the title by the summer of 2013.

Between May 2013 and August 2013, the Plaintiffs replaced various parts on the motorcycle, including a bolt, valve stem, oil seal and headlight for a total cost of $993.60. Plaintiffs waited to contact the Defendant again until November 2013 to inquire about the title. The Defendant advised that she was struggling financially and could not pay what she owed the bank to release the title to her.

The Plaintiffs allege the Defendant breached their contractual agreement. Moreover, they believe she committed fraud.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Jurisdiction*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431(2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id*.

The Plaintiffs do not set forth any jurisdictional basis for filing their Complaint in federal court.[2] The Plaintiffs checked the block marked "Federal Question" under "Basis of Jurisdiction" on the Civil Cover Sheet. Further, the Plaintiffs wrote "Title 18 Chapter 47 Fraud

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] There are no relevant facts that would suggest the Plaintiffs may be able to assert diversity jurisdiction. All of the parties are Ohio residents and the amount in dispute is less than $75,000.00. *See* 28 U.S.C. §1332.

and False Statements" next to "Cause of Action" on the Civil Cover sheet. Even liberally construing the Complaint in their favor, however, the Plaintiffs have failed to state any claim over which this Court has jurisdiction.

The statute the Plaintiffs cite on the Civil Cover Sheet is titled: " Use of Aircraft or Motor Vehicles to Hunt Certain Wild Horses or Burros; Pollution of Watering holes." 18 U.S.C. §47. Obviously, the Title and Chapter do not encompass any fraud activity. Moreover, to the extent the Plaintiffs are attempting to file any criminal complaint against the Defendant under Title 18 of the United States Code, they are not entitled to do so. Private citizens have no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974). *v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Beyond legal conclusions that do not set forth a federal claim, the Plaintiffs have not established a basis for this Court's jurisdiction. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. The Complaint simply fails to state a federal claim for relief.

*Conclusion*

Based on the foregoing, the Plaintiffs are granted leave to proceed *In Forma Pauperis*

(Doc. No. 2) and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

    IT IS SO ORDERED.

                                          s/ Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

DATED: August 18, 2014

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."